IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 2:00-765-DCN |
| -vs- | ) | |
| | ) | |
| GREG WILLIAMS, | ) | **O R D E R and O P I N I O N** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This matter is before the court pursuant to defendant's (Williams) "Verified Notice of Ripeness." In this "motion" Williams requests that the government reduce his sentence due to his alleged cooperation with the government.

      William was one of twenty co-defendants indicted in a twenty-two count superseding indictment filed in January, 2001. Defendant was charged in Counts 1 and 2. Williams pled guilty to count 2 and on September 13, 2001, was sentenced to 57 months incarceration.

      The government posits that it did not make a motion under U.S.S.G. §5K1.1 or Rule 35 because Williams did not provide substantial assistance. Unfortunately for Williams, the evaluation as to whether a defendant has rendered substantial assistance is a matter left solely to the government. United States v. Connor, 930 F.2d 1073 (4th Cir. 1991); United States v. Lockhart, 58 F.3d 86, 88 (4th Cir. 1995); and United States v. Wallace, 22 F.3d 84 (4th Cir. 1994). In fact, Williams' plea agreement provides that the issue of substantial assistance is determined by the government.

      Williams fails to allege that he has done anything since his incarceration which would entitle him to a reduction of sentence, so the government has no reason to make a Rule 35

motion for Mr. Williams.

Finally, the government alleges that there is no basis in law for a "verified notice of ripeness" and that this motion is not proper under the Federal Rules of Criminal Procedure or any other applicable federal law. This court agrees.

Now, therefore, Williams' Verified Notice of Ripeness is **DISMISSED**.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

Charleston, South Carolina

July 6, 2005